IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00182-CV

 

Danny Cline,

                                                                                    Appellant

 v.

 

Brad Livingston, et al,

                                                                                    Appellees

 

 

 



From the 278th District
Court

Walker County, Texas

Trial Court No. 24,935

 



MEMORANDUM  Opinion



 








Danny Cline has filed a
motion to dismiss this appeal.[1] 
Appellees have not filed a response.  Accordingly, the motion is granted, and
the appeal is dismissed.  See Tex.
R. App. P. 42.1(a)(1).

 

FELIPE REYNA

                                                                                                Justice


Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray dissenting with note)*

Appeal
dismissed

Opinion
delivered and filed December 15, 2010

[CV06]

 

*           (Chief
Justice Gray dissents to granting Cline’s motion to dismiss.  A separate
opinion will not issue.  He notes, however, that Cline’s “motion” is phrased as
follows: “The Appellant hereby request the court dismiss the appeal for lack of
jurisdiction or otherwise make it’s ruling so appellant may proceed to refile
his cause of action in a different court in another district since he is
receiving maltreatment in this one.”  Chief Justice Gray notes that quite
possibly the reason we have not received a response from the
defendants/appellees is because Cline, an inmate representing himself, did not
serve his “motion” on the Attorney General who is the attorney of record for
the defendants/appellees (prison officials).  Further, Chief Justice Gray
believes we have jurisdiction of this direct appeal and therefore it is
erroneous to dismiss it for lack of jurisdiction.  The appeal has been fully
briefed on its merits and Chief Justice Gray would overrule Cline’s issues and
affirm the trial court’s judgment for a number of the reasons asserted in the
appellees’ brief.  Further, the defendants/appellees are entitled to a
disposition on the merits so that Cline cannot proceed against them over the
defense of res judicata.  And finally, the Court’s judgment should assess cost
of the appeal, if it is going to dismiss it on Cline’s motion, against Cline
and notify TDCJ of the judgment that has been rendered against him for cost in
this appeal.  Chief Justice Gray will forego comment upon Cline’s erroneous
statements in the remainder of his motion but notes that Cline’s statement in
correspondence addressed to the deputy clerk is ill-advised because the deputy
clerk’s correspondence is communicating orders of this Court.)









[1]
              Because Cline put
cause no. 10-10-00191-CV on this motion, which is the cause number for a
related mandamus proceeding, the motion was originally filed with the papers
for that proceeding and dismissed for want of jurisdiction.  In a follow-up
letter, however, Cline has clarified that the motion is intended for this
appeal.